| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS ALBERTO SALAZAR MARTINEZ,<br><br>Defendant. | No. 1:17-cr-00186-DAD-2<br><br>ORDER GRANTING EXTENSION OF TIME TO FILE NOTICE OF APPEAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(b)(4)<br><br>(Doc. No. 67) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

On August 20, 2019, the Ninth Circuit Court of Appeals issued an order in this case noting that defendant had filed his notice of appeal more than 14 days after entry of judgment, but within 30 days after the expiration of the time to file a notice of appeal. Because defendant's notice of appeal was filed more than 14 days after entry of judgment, it was not timely under Federal Rule of Appellate Procedure 4(b)(1)(A), and the Ninth Circuit, therefore, remanded the matter:

> for the limited purpose of permitting the district court to provide appellant notice and an opportunity to request that the time for filing the notice of appeal be extended, for a period not to exceed 30 days from the expiration of the time prescribed by Rule 4(b), upon a finding of excusable neglect or good cause. *See* Fed. R. App. P. 4(b)(4); *United States v. Ono*, 72 F.3d 101, 103 (9th Cir. 1995) (order); *United States v. Stolarz*, 547 F.2d 108 (9th Cir. 1976).

(Doc. No. 67 at 2.)

1

"In a criminal case, the district court has discretion under [Federal Rule of Appellate Procedure] 4(b) to grant an extension of time [for filing a notice of appeal] upon finding 'excusable neglect.'" <u>United States v. Prairie Pharmacy, Inc.,</u> 921 F.2d 211, 212 (9th Cir. 1990). Federal Rule of Appellate Procedure 4(b)(4) provides:

> Upon a finding of excusable neglect or good cause, the district court may - before or after the time has expired, with or without motion and notice - extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

In cases such as this one in which a prisoner seeks to appeal pro se, both the Supreme Court and Ninth Circuit have held "a notice of appeal filed by an incarcerated prisoner, after the time for filing a notice of appeal had run, [is] timely if the appellant 'did all he could do under the circumstances' to file his appeal within [the proscribed deadline]." *Prairie Pharmacy*, 921 F.2d at 213 (*quoting Fallen v. United States*, 378 U.S. 139, 144 (1964), and *citing United States v. Houser*, 804 F.2d 565 (9th Cir. 1986)).

Here, the pro se notice of appeal was filed approximately 21 days late. However, defendant Martinez had been detained during the proceedings before this court and following his sentencing on July 8, 2019, had been transferred to a different institution out of state. It is unclear from the defendant's letter, which was deemed a notice of appeal, when it was delivered to prison officials for mailing because it was received by this court prior to the date that appears on it. In any event, the brief delay in its filing does not appear to have had a negative impact on any judicial proceeding. Although the reasons for the delay would appear to have been with Martinez's control and he has not shown he could not have filed the notice of appeal earlier, there appears to be no bad faith on his part. Therefore, Martinez's letter will be deemed by this court to also be a request that the time for filing the notice of appeal be extended for up to 30 days from the expiration of the time prescribed by Rule 4(b), and good cause appearing[1] is hereby granted.

/////

---

[1] The court does note, however, that as part of his plea agreement defendant Martinez waived his right to appeal or to collaterally attack any part of his plea of guilty plea and sentence. (Doc. No. 57 at 6-7.)

| | |
|---|---|
| 1 | The Clerk is directed to serve a copy of this order both on the United States Court of Appeals for |
| 2 | the Ninth Circuit and appellant Martinez's counsel of record, James Homola.  (*See* Doc. No. 67.) |
| 3 | IT IS SO ORDERED. |

Dated: **August 21, 2019**         /s/ Dale A. Drozd
                                            UNITED STATES DISTRICT JUDGE