UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS ALBERTO SALAZAR MARTINEZ,<br><br>Defendant. | No. 1:17-cr-00186-DAD<br><br>ORDER DENYING DEFENDANT MARTINEZ'S MOTIONS FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2) AND AMENDMENT 821<br><br>(Doc. Nos. 90, 97) |

On February 9, 2024, defendant Jesus Alberto Salazar Martinez ("Martinez") filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 90.) On February 14, 2024, the Office of the Federal Defender ("FDO") was provided a deadline for filing supplementation to defendant's *pro se* motion or a notice that no supplementation would be filed. (Doc. Nos. 92, 95.) On October 28, 2024, the FDO filed a Notice of Not Supplementing the *Pro Se* Motion for Compassionate Release. (Doc. No. 96.) On July 28, 2025, defendant Martinez filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines (USSG). (Doc. No. 97.)[1] On August 20,

/////

---

[1]  In this latter motion defendant Martinez also appears to seek his release for reasons unrelated to Amendment 821. (Doc No. 97 at 5–11, 19–30.)

1

2025, the government filed an opposition to defendant Martinez's motions.  (Doc. No. 99.) [2]

Because defendant Martinez is not eligible for the relief he seeks pursuant to § 3582(c)(2) and because he has not demonstrated extraordinary and compelling circumstances justifying his compassionate release pursuant to § 3582(c)(1)(A)(i), the court will deny his pending motions.

### BACKGROUND

On April 22, 2019, pursuant to a plea agreement, defendant Martinez entered a plea of guilty to Count Two of the indictment charging him with possession with intent to distribute at least 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1).  (Doc. Nos. 57, 58, 59.)

The presentence report ("PSR") prepared in defendant's case calculated his total offense level as 29 and his criminal history category as I (based on a finding of a criminal history score of 0), resulting pursuant to USSG § 5G1.1(b) in an advisory sentencing guidelines range calling for a term of imprisonment of 120 months because the statutorily required minimum sentence was greater than the applicable guideline range.  (Doc. No. 61 at 3, 8, 15.)  At the sentencing hearing on July 8, 2019, the court adopted those findings as true and correct and sentenced defendant to the mandatory minimum 120-month term of imprisonment.  (Doc. Nos. 62, 63.)  The court entered judgment on July 11, 2019.  (Doc. No. 63.)

Defendant contends that he is eligible for a sentence reduction based on Part B of Amendment 821.  (Doc. Nos. 90 at 1; 97 at 1.)  That new provision reduced the advisory sentencing guideline range for those who had no criminal history points—so-called zero-point offenders—by two points and allowed for a reduction of their sentence if otherwise eligible for that relief.   Defendant Martinez also seeks his compassionate release under 18 U.S.C. § 3582(c)(1)(A)(a) on the grounds of his rehabilitation and good conduct since his imprisonment, the conditions of his confinement during the COVID-19 pandemic, the fact that he has served the bulk of the sentence imposed in his case and is subject to deportation and because consideration

/////

---

[2]  On April 15, 2024, this case was reassigned to the undersigned.  (Doc. No. 94.)

of the sentencing factors set forth at 18 U.S.C. § 3553(a) support his release at this time.  (Doc. No. 90.)

Below, the court will first address the applicable legal standards before turning to the merits of both of defendant Martinez's pending motions.

**ANALYSIS**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'"  *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders.").  "But this general rule is subject to several exceptions."  *United States v Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021).  One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

District courts are to engage in a "two-step inquiry" in determining whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2).  *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826).  "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10."  *Id.* (citing *Dillon*, 560 U.S. at 827).  "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'"  *Id.*  (quoting *Dillon*, 560 U.S. at 827).  The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'"  *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

/////

In addition, an exception exists where extraordinary circumstances justify compassionate release. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Prior to the enactment of the First Step Act of 2018 ("the FSA"), motions for compassionate release could only be filed by the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A) (2002). Under the FSA, however, imprisoned defendants may now bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). In this regard, the FSA specifically provides that a court may:

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf[3] or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that–
>
> (i)     extraordinary and compelling reasons warrant such a reduction; or
>
> (ii)    the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) and (ii).[4]

---

[3] If the BOP denies a defendant's request within 30 days of receipt of such a request, the defendant must appeal that denial to the BOP's "Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). If the Regional Director denies a defendant's administrative appeal, the defendant must appeal again to the BOP's "General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.* When the final administrative appeal is resolved, a defendant has "fully exhausted all administrative rights[.]" *See* 18 U.S.C. § 3582(c)(1)(A).

[4] Under 18 U.S.C. § 3624(c)(2), the BOP may release an incarcerated defendant to home confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."

4

A reduction in sentence "must be consistent with the factors set forth in 18 U.S.C. § 3553(a) and any applicable Sentencing Commission policy statement." *United States v. Gerrans*, No. 23-3822, 2024 WL 4814876, at *1 (9th Cir. Nov. 18, 2024) (citation omitted).[5] "The U.S. Sentencing Commission issued a policy statement for reduction of a sentence under § 3582(c)(1)(A)(i) in its November 1, 2023 Guidelines Manual." *United States v. Simpson*, No. 3:97-cr-02903-BTM, 2024 WL 5193853, at *2 (S.D. Cal. Dec. 19, 2024).  The policy statement provides that a court may reduce a sentence after considering the § 3553(a) factors if it finds that (1) "extraordinary and compelling reasons warrant the reduction," (2) "the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)," and (3) "the reduction is consistent with this policy statement."  U.S.S.G. § 1B1.13(a).

The policy statement further addresses "what qualifies as 'extraordinary and compelling reasons' to release a defendant from BOP custody." *United States of America v. Quentin Jackson*, No. 1:06-cr-00134-JLT-1, 2025 WL 1255131, at *3 (E.D. Cal. Mar. 31, 2025) (citing U.S.S.G. § 1B1.13); *see also United States v. Velazquez-Inchaurregui*, No. 22-cr-02528-BAS-2, 2023 WL 7926797, at *2 (S.D. Cal. Nov. 16, 2023) ("The Sentencing Commission has recently provided definitions of extraordinary and compelling reasons . . . .").  These extraordinary and compelling reasons are:  (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) defendant as victim of abuse; (5) other reasons presented by defendant alone or in combination with the foregoing reasons, of similar gravity to the foregoing reasons; and (6) defendant's unusually long sentence.  *Id.*; *see also United States v. Fernandez*, No. 5:13-cr-00527-EJD-1, 2025 WL 943136, at *1 (N.D. Cal. Mar. 18, 2025) ("The Sentencing Commission's policy statement regarding compassionate release is set forth in U.S.S.G. § 1B1.13.  The statement provides six general circumstances that may constitute an extraordinary and compelling reason for compassionate release . . . .").  "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement," but it "may be considered in combination with other circumstances in determining

---

[5] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d).

In the past, when moving for relief under 18 U.S.C. § 3582(c), it was recognized that the defendant bore the initial burden of demonstrating that a sentence reduction was warranted. *See United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998). Likewise, the defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022); *see also United States v. Greenhut*, No. 2:18-cr-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020); *United States v. Van Sickle*, No. 18-cr-00250-JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020).

As district courts have summarized, in analyzing whether a defendant is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the court must determine whether a defendant has satisfied three requirements:

> First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Second, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Third, the district court must also consider "the factors set forth in section 3553(a) to the extent that they are applicable." *Id.*

*United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019); *see also United States v. Ramirez-Suarez*, 16-cr-00124-LHK-4, 2020 WL 3869181, at *2 (N.D. Cal. July 9, 2020); *United States v. Parker*, 461 F. Supp. 3d 966, 973–74 (C.D. Cal. 2020); *United States v. Trent*, No. 16-cr-00178-CRB-1, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020) (noting that as to the third factor, under 18 U.S.C. § 3582(c)(1)(A) release must be "consistent with" the sentencing factors set forth in § 3553(a)).

/////
/////
/////
/////
/////

6

**I.      Defendant Martinez's Motion For Sentence Reduction Under Amendment 821**

As noted above, defendant Martinez appears to assert that he is eligible for a reduction to his sentence based on Part B of Amendment 821. (Doc. No. 90 at 1, 97.)[6] The government opposes this aspect of the pending motions pointing out that defendant is not eligible for relief under Amendment 821 because his sentence was dictated by the mandatory minimum sentence, he would be ineligible for the two-point reduction in any event because he possessed a firearm in connection with the offense and the parties agreed at the time of his sentencing that defendant did not qualify for safety valve relief under USSG § 5C1.2(a)(2) due to his possession of the firearm. (Doc. No. 99 at 4.)

The government's arguments in this regard are entirely persuasive. As one district court recently explained under similar circumstances:

> A district court "may not grant a sentence reduction if the defendant's original sentence was 'based on' a statutory mandatory minimum sentence rather than a Guidelines range." *United States v. Martinez*, 2024 WL 4527775, at *6 (D.N.M. Oct. 18, 2024) ("Mandatory minimums foreclose 18 U.S.C. § 3582(c)(2) sentence reductions."); *Koons v. United States*, 584 U.S. 700, 704 (2018) (holding that petitioners did not qualify for sentence reductions under § 3582(c)(2) because their sentences were based on the statutory mandatory minimums, rather than on the lowered guidelines ranges). In this case, the Court granted Mr. Marquez-Villaverde's motion for a variant sentence and sentenced him to the statutory minimum. Docket No. 51 at 2-3. Mr. Marquez-Villaverde's status as a zero-point offender does not affect the applicability of the statutory mandatory minimum. *United States v. Madrid-Meza*, 2025 WL 623865, at *2 (D. Kan. Feb. 26, 2025) ("But the new zero-point offender provision can't benefit Mr. Madrid-Meza because two of his three convictions (Counts 1 and 29) came with mandatory minimum sentences of 10 years in prison .... As other federal courts have recognized, a defendant can't use 18 U.S.C. § 3582(c)(2)— based on a reduced Guideline range—to reduce his sentence below the statutorily mandated minimum sentence."). The Court lacks authority to further reduce Mr. Marquez-Villaverde's sentence.

---

[6] Although defendant does not seek a reduction in his sentence pursuant to Part A of Amendment 821 (*see* Doc. Nos. 90; 97), it is also clear that he is ineligible for relief under that provision as well. Part A of Amendment 821 decreases the number of "status points" received under U.S.S.G. § 4A1.1 by individuals who commit their offense while under a criminal justice sentence. However, defendant's PSR does not reflect that he was under any criminal justice sentence when he committed the offenses for which he was sentenced by this court and he did not receive any status points. (Doc. No. 61 at 15.) Accordingly, and in any event, defendant is also ineligible for an adjustment to his sentence under U.S.S.G. § 4A1.1(e).

7

*United States v. Mercado-Gracia*, 2025 WL 370495, at *2 (D.N.M. Feb. 3, 2025) ("Because the Court sentenced Defendant to 180 months, the minimum statutory sentence allowed, he is not eligible for a sentence reduction under Amendment 821."); *see also United States v. Bynum*, 2025 WL 561721, at *2 (11th Cir. Feb. 20, 2025) ("Any error by the district court in failing to determine whether Bynum's guideline range was lowered by Amendment 821 and recalculating his guideline range or in failing to consider his mitigating arguments and evidence was harmless because Bynum received the statutory mandatory minimum sentence, and the court had no authority to reduce his sentence below the statutory minimum."). Therefore, Mr. Marquez-Villaverde's motion is denied.

*United States v. Marquez-Villaverde*, No. 17-cr-00196-PAB, 2025 WL 2792895, at *2 (D. Colo. Oct. 1, 2025).

Because defendant Martinez is ineligible for a modification of his sentence based on Amendment 821, the court need not proceed to the second step of the § 3582(c)(2) analysis to consider again the § 3553(a) sentencing factors as to this aspect of his motion. *Dillon*, 560 U.S. at 826–27. Defendant Martinez's pending motion for a sentence reduction based upon Amendment 821 will therefore be denied.

## II.    Defendant Martinez's Motion For Compassionate Release

As noted above, "extraordinary and compelling reasons" warranting compassionate release may exist based on a defendant's medical conditions, age and other related factors, family circumstances, victimization, unusually long sentence, or "other reasons." U.S.S.G. § 1B1.13(b)(1)–(6). Here, defendant Martinez suggests in the pending motion that his compassionate release is warranted based upon his rehabilitation and good conduct since his imprisonment, the conditions of his confinement during the COVID-19, the fact that he has served the bulk of the imposed sentence, he is subject to deportation following his imprisonment, and because consideration of the sentencing factors set forth at 18 U.S.C. § 3553(a) support his release at this time. (Doc. No. 90.)

The government opposes the motion, arguing that the circumstances defendant Martinez relies upon are not extraordinary and compelling and, even if they were, consideration of 18 U.S.C. § 3553(a) weighs against the granting of relief. (Doc. No. 99 at 4–7.) Specifically, the government argues that defendant does have one prison disciplinary action in his record and that

8

rehabilitation and good conduct during one's imprisonment cannot, alone, serve as an extraordinary and compelling reason justifying compassionate release. (*Id.* at 4–5.) The government also points out that defendant Martinez's conduct in his crime of conviction was extremely serious, noting that he was armed with a .45 caliber firearm tucked in his waistband while possessing the just under three kilograms of heroin for sale. (*Id.* at 6–7.) Under these circumstances, the government contends, consideration of the sentencing factors set forth at 18 U.S.C. § 3553(a) compel the denial of defendant's motion for compassionate release. The government's arguments are well-taken.

Considering all of the circumstances outlined above, the court concludes that defendant Martinez has not met his burden of demonstrating the existence of extraordinary and compelling circumstances justifying a reduction of the mandatory minimum 120–month term of imprisonment imposed in his case. Because of this determination the court need not consider the sentencing factors set forth in 18 U.S.C. § 3553(a), but notes that were it to do so, it would find that consideration of those factors also weighs against the granting of the requested relief.

## CONCLUSION

For the reasons explained above, defendant Martinez's motions for a reduction of his sentence pursuant to § 3582(c) (Doc. Nos. 90, 97) are denied in their entirety. The Clerk of the Court is directed to close this case once again.

IT IS SO ORDERED.

Dated:    **January 29, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE